USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/26/2021____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
                                            :

UNITED STATES OF AMERICA                :

                                            :

               -v-                          :         S1 19-CR-449 (NSR)

                                            :             (01) (03)

ANTHONY LAURIA and ANTHONY MOLINA,    :

                       Defendants.           :             ORDER

                                            :

-----------------------------------------------------------------------X

Nelson S. Román, United States District Judge:

       Defendants Anthony Lauria (01) and Anthony Molina (02) (collectively, "Defendants" or

"the Defense") are charged by superseding indictment (S1) with two counts of Hobbs Act Robbery

in violation of 18 U.S.C. § 1951; two counts of conspiring to commit Hobbs Act Robbery in

violation of 18 U.S.C. § 1951; and two counts of brandishing a firearm in the course of the charged

Hobbs Act Robberies in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. (ECF No. 102.) A trial

is scheduled for June 14, 2021.

       The Government has moved *in limine*: (1) to preclude Defendants from cross-examining

certain law enforcement witnesses beyond the limited scope of their direct examination; (2) to

preclude reference to or evidence of polygraphs taken by certain witnesses as part of law

enforcement's investigation; (3) to admit against Defendant Lauria a statement that he made to

law enforcement officers in the course of their investigation; (4) to admit summary charts of

voluminous toll and phone records; and (5) to admit certain evidence of other crimes, wrongs, or

acts pursuant to Rule 404(b). (ECF No. 135.) Defendants oppose the Government's motion. (ECF

Nos. 137 and 139.) The Government also filed a reply. (ECF No 141.)

Defendant Molina has moved *in limine* to request that the Court set a firm date for the Government to provide the Defense with notice of uncharged crimes, wrongs or, other bad acts which they intend to introduce at trial pursuant to Rule 404(b).[1] (ECF No. 134.)

## BACKGROUND

The Government alleges that Defendants robbed a Verizon store in August 2017 in New Milford, Connecticut (the "New Milford Robbery"), and then robbed another Verizon store in February 2019 in Mahopac, New York (the "Mahopac Robbery"). The Government further alleges that in both robberies, Defendant Lauria served as the getaway driver while Defendant Molina and co- conspirator Brian Rodriguez[2] entered the stores, terrorized store employees by displaying a firearm and restraining them with zip ties, and stole merchandise worth tens of thousands of dollars.

## STANDARD

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176-77 (S.D.N.Y. 2008) (citing *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984)). An *in limine* motion is intended "to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "Because a ruling on a motion *in limine* is 'subject to change as the case unfolds,' this ruling constitutes a preliminary determination in preparation for trial." *United States v. Perez*, No. 09–

---

[1] Defendants also moved to exclude proof of an e-mail that Defendant Molina sent to AUSA Lindsey Keenan on November 6, 2020 (ECF No. 134); however, this request was mooted by the Government's indication that it does not intend to offer Defendant Molina's November 6, 2020 email in its case-in-chief at trial. (ECF No. 138.)

[2] Rodriguez pleaded guilty on April 1, 2021.

CR–1153 (MEA), 2011 WL 1431985, at *1 (S.D.N.Y. Apr. 12, 2011) (quoting *Palmieri*, 88 F.3d at 139).

With certain exceptions, all relevant evidence is admissible, and evidence which is not relevant is not admissible. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence . . . and the fact is of consequence in determining the action." Fed. R. Evid. 401(a)-(b). Relevant evidence may still be excluded by the Court "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Though the "standard of relevance established by the Federal Rules of Evidence is not high," *United States v. Southland Corp.*, 760 F.2d 1366, 1375 (2d Cir. 1985), the Court has "broad discretion to balance probative value against possible prejudice" under Rule 403, *United States v. Bermudez*, 529 F.3d 158, 161 (2d Cir. 2008).

## DISCUSSION

### I.     Law Enforcement Witnesses and Disclosures

The Government moves to limit the scope of the direct testimony—and, therefore, the scope of the cross-examination—of each of seven unnamed law enforcement witnesses it plans to call at trial to testify as to the discrete investigative technique in which he or she participated, and not the investigation writ large or for any other general purpose. Accordingly, the Government seeks to limit its disclosures regarding the law enforcement witnesses to the limited subject matter on which they will testify, as well as any material that the Defense might argue impeaches the witnesses on these matters. The Defense requests that the Court reserve decision on the

Government's application pending disclosure of and review by the Defense of 3500 and *Giglio* materials, which are due on June 1, 2021.

The Confrontation Clause of the Sixth Amendment guarantees the right of an accused in a criminal prosecution "to be confronted with the witnesses against him." "'The main and essential purpose of confrontation is *to secure for the opponent the opportunity of cross-examination.*'" *Davis v. Alaska,* 415 U.S. 308, 315-16 (1974) (quoting 5 J. Wigmore, Evidence § 1395, p. 123 (3d ed. 1940)) (emphasis in original). Federal Rule of Evidence 611(b) provides that "[c]ross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility. The court may allow inquiry into additional matters as if on direct examination." Fed. R. Evid. 611(b). In other words, "trial judges retain wide latitude . . . to impose reasonable limits on . . . cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986).

The Court preliminarily grants the Government's request, with leave for the Defense to renew its objections once the Defense has reviewed the 3500 and *Giglio* materials produced by June 1, 2021.

## II.    Polygraph Examinations of Store Employees

The Government moves to preclude the introduction of polygraphs examinations of two Verizon Wireless Zone store employees on the basis that the Second Circuit has repeatedly found polygraphs to be unreliable. The Defense indicates that is does not intend to introduce the polygraph examination results of the store employees but reserves their right to effectively cross-examine these witnesses if called and to call these employees as witnesses, possibly as hostile witnesses and/or adverse parties, if the Defense so chooses, and contends that the Defense should

be permitted to question any employee as to whether he or she tried to deceive law enforcement when he or she had been questioned during the investigation or any other appropriate impeachment and/or exculpatory matters.

The Court preliminarily holds that if the store clerks are called as witnesses, the Defense may question them as to whether they attempted to deceive law enforcement during the investigation but may not discuss or rely on results of the polygraphs.

### III.    Defendant Lauria's Statement to New Milford Police

The Government moves for permission to introduce as a statement of a party opponent under Federal Rule of Evidence 801(d)(2)(A) portions of a recorded interview law enforcement conducted with Defendant Lauria on February 26, 2019 but does not seek to offer the statement against Molina or to offer any portions of the interview during which Lauria discusses his association with Molina. The Defense indicates that it has no objection provided that, in accordance with *Bruton v. United States* and its progeny, any reference to Molina, directly or indirectly, is effectively deleted and the Court gives appropriate limiting instructions that the statement is only admissible against Lauria and should not be considered by the jury in its deliberations as to Molina. 391 U.S. 123, 126 (1968). The Government has indicated that it would be amenable to such a limiting instruction. (Gov't Mem. at 6 n.5.)

Based on the draft transcript the Government submitted with its motion as Exhibit A, the Court will allow the introduction of portions of the February 26, 2019 interview with Lauria provided that any reference to Molina, directly or indirectly, is effectively deleted. In addition, upon request during trial, the Court will give a limiting instruction to the jury that the statement is only admissible against Lauria and should not be considered by the jury in its deliberations as to Molina.

## IV.    Summary Charts of Phone Records

The Government moves to introduce summary charts of voluminous phone records through a witness who has created the charts. The Defense contends that the Government must first prepare and make available the specific layout and contents of the proposed summary charts for the Defense and Court to review.

> Federal Rule of Evidence 1006 provides:
>
> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

Fed. R. Evid. 1006. Further, the Second Circuit "has long approved the use of charts in complex trials, and has allowed the jury to have the charts in the jury room during its deliberations so long as the judge properly instructs the jury that it is not to consider the charts as evidence." *United States v. Casamento,* 887 F.2d 1141, 1151 (2d Cir. 1989).

Since the Government has indicated that it has already produced the underlying materials to the Defense and plans to provide Defendants with drafts summary charts of phone records "prior to trial," the Court considers Defendants and the Government to be in agreement at this time as to the admissibility of the summary charts and preliminarily grants the Government's request to introduce them. The Government is directed to confer in good faith with Defendants prior to trial to ensure that the summaries are acceptable to both parties, and to provide the Defendants with access to the final summaries by June 7, 2021.

## V.    Photographs and Videos of Firearms on Defendants' Apple iCloud Accounts

The Government moves to introduce photographs and videos from Defendants' Apple iCloud accounts depicting various handguns. The Defense contends that, contrary to the

Government's contention that these materials are intrinsic or direct proof of the charged crimes, the Government seeks to prove uncharged crimes and bad acts using this material in violation of Rule 404(b). Additionally, the Defense asks the Court to set a firm date for the Government to provide the Defense with Rule 404(b) notice of uncharged crimes, wrongs, or other bad acts.

The Government concedes that Rule 404(b) of the Federal Rules of Evidence proscribes the use of evidence of "other crimes, wrongs, or acts" committed by the defendant "to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b); *see* Gov't Reply at 2. However, Rule 404(b) permits the use of "other crimes, wrongs, or acts . . . [for other purposes] such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). To the extent that the Government seeks to introduce these photos and videos as evidence that the Defendants had the opportunity to access firearms, and to access them in and around the time of the February 15, 2019, robbery, the Second Circuit has repeatedly held that this is an appropriate purpose. *See United States v. Arroyo*, 600 F. App'x 11, 1314 (2d Cir. 2015) ("[E]vidence that Arroyo possessed a firearm less than seven months after the September 2011 drug sales is certainly relevant to show that he had an opportunity to possess a gun at the time of those sales."); *United States v. Slaughter*, 248 F. App'x 210, 212 (2d Cir. 2007) ("Evidence showing that a defendant possessed a handgun prior to the charged crime is properly admitted to show access to such a weapon"); *United States v. Zappola*, 677 F.2d 264, 270 (2d Cir. 1982) (concluding "it was not error to admit Marano's testimony that he had seen a handgun at Zappola's house six months before Zappola fired a handgun in Marano's presence . . . such evidence was properly admitted as probative of [Zappola's] access to such a weapon"); *United States v. Taylor*, 767 F. Supp. 2d 428, 438 (S.D.N.Y. 2010) ("prior gun

7

possession is directly relevant to the issue of opportunity and absence of mistake and also admissible to demonstrate . . . ability to access such a weapon").

The Court is not persuaded by the Defense's concern that these photographs and videos pose a danger of unfair prejudice where Defendants are charged with violent and premeditated armed robbery and the photographs and videos at most show simple possession, conduct which is not "any more sensational or disturbing than crimes with which [Defendants have been charged]," and therefore there is no realistic risk that a jury will be inflamed or distracted by evidence that the defendants simply possessed a gun on other occasions. *See United States v. Roldan–Zapata*, 916 F.2d 795, 804 (2d Cir. 1990). Accordingly, the Court preliminarily grants the Government's motion to introduce the photographs and videos with leave for the Defense to renew its objections during trial.

The Court denied without prejudice the Defense's prior request for 404(b) materials. (ECF No. 87.) The Court now directs the Government to provide notice of uncharged crimes, wrongs, or other bad acts it seeks to introduce at trial pursuant to Rule 404(b) on or before June 1, 2021.

**CONCLUSION**

In summary the Court (I) preliminarily grants the Government's request to limit the scope of the direct testimony of each of seven unnamed law enforcement witnesses to the discrete investigative technique in which he or she participated, with leave for the Defense to renew its objections once the Defense has reviewed the 3500 and *Giglio* materials produced by June 1, 2021; (II) preliminarily holds that if store employees are called as witnesses, the Defense may question the employees as to whether they attempted to deceive law enforcement during the investigation,

but may not discuss or rely on results of the polygraphs; (III) will allow the introduction of portions

of the February 26, 2019 interview with Lauria provided that any reference to Molina, directly or

indirectly, is effectively deleted and, upon request during trial, the Court will give a limiting

instruction to the jury that the statement is only admissible against Lauria and should not be

considered by the jury in its deliberations as to Molina; (IV) directs the parties to confer in good

faith to ensure that the summaries are acceptable to all parties, and directs the Government to

provide the Defendants with access to the final summaries by June 7, 2021; (V) preliminarily holds

that the Government may introduce the photographs and videos provided that they are introduced

for the permissible purpose of demonstrating Defendants' opportunity and access to firearms

around the time of the charged robberies; and (VI) directs the Government to provide notice of

uncharged crimes, wrongs, or other bad acts it will seek to introduce at trial pursuant to Rule 404(b)

on or before June 1, 2021.

      The Clerk of the Court is respectfully directed to terminate the pending motions at ECF

Nos. 134 and 135.

Dated: May 26, 2021
      White Plains, NY                          Nelson S. Román, U.S.D.J