```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/11/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY LAURIA,

                Petitioner,

  -against-

UNITED STATES OF AMERICA,

                Respondent.

19 Cr. 449 (NSR)
23 Civ. 9544 (NSR)

**ORDER**

NELSON S. ROMÁN, United States District Judge:

    Petitioner Anthony Lauria (the "Petitioner" or "Lauria"), commenced this action on October 30, 2023, seeking to vacate, set aside, or correct his sentence following his conviction for Hobbs Act Robbery, conspiracy to commit Hobbs Act robbery, and brandishing a firearm in the course of committing Hobbs Act robbery. (ECF No. 249.) On November 29, 2023, the Court granted Petitioner legal counsel to help prepare an amended 28 U.S.C. § 2255 petition (the "Petition"). (ECF No. 261.) On April 15, 2024, Lauria filed his Petition with the assistance of legal counsel. (ECF No. 285.) In his Petition, Lauria asserted that: (1) his petition was timely filed under 28 U.S.C. § 2255(f)(4); (2) proof of Lauria's actual innocence was sufficient to toll the time limitations of the Antiterrorism and Effective Death Penalty Act; (3) Lauria's legal counsel was ineffective for failure to (a) research the relevant case law, (b) provide competent legal advice during plea bargaining, and (c) provide competent advice on whether to appeal. On August 4, 2025, the Court issued its Opinion & Order denying Lauria's Petition on the basis that it was untimely. (ECF No. 327.)

    On August 8, 2025, Lauria filed a motion for a certificate of appealability ("COA") arguing that there was "a substantial showing of the denial of a constitutional right" and that "the district

court's assessment of the constitutional claims [are] debatable or wrong." (ECF No. 328.) Lauria argues that the following issues warrant appeal:

1. Mr. Lauria's conviction for 18 U.S.C. § 924(c) constitutes a manifest injustice because of the credible and compelling evidence of his actual innocence;

2. Mr. Lauria was denied the effective assistance of counsel at trial because counsel failed to research the prevailing law in the Second Circuit;

3. Mr. Lauria was denied the effective assistance of counsel at trial because counsel failed to provide competent legal advice during plea bargaining; and

4. Mr. Lauria was denied the effective assistance of counsel at trial because counsel failed to provide competent advice on whether to appeal.

Lauria argues that these constitutional rights have been denied, and that the Court's assessment of his arguments related to them were debatable or wrong. Accordingly, Lauria argues, the Court should issue a COA.

The Supreme Court has held that when "the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 485 (2000). And that "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. In the Second Circuit, a COA issued by a district court is deficient if it is issued only with respect to petitioner's constitutional claims on the merits, and not on the question of procedural bar if one is present. *See Rhagi v. Artuz*, 309

F.3d 103, 106-07 (2d Cir. 2002). Here, Lauria has only addressed the constitutional rights at issue and not the procedural issues that were the basis for the Court's Order & Opinion. (ECF No. 327.) Accordingly, Lauria's motion for a certificate of appealability is deficient and any certificate of appealability issued by this Court would be similarly deficient.[1] *See Jackson v. United States*, No. 16 CIV. 4792 (LAP), 2022 WL 2104284 (S.D.N.Y. June 10, 2022) (holding that "because Jackson did not address the Court's procedural holding, any COA issued by this Court would be deficient"). For these reasons, the Court DENIES Lauria's motion for a certificate of appealability. The Clerk of Court is directed to terminate the motion at ECF No. 328.

Dated:  August 11, 2025                                          SO ORDERED:
        White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

---

[1] Moreover, the Court concludes that, for the reasons stated in the Court's prior Order & Opinion, there is a plain procedural bar in this case and that no reasonable jurist could conclude that Lauria timely filed his habeas petition. *See* ECF No. 327.

3